UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BRENDA SCHROERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:15-cv-01970-RLY-TAB |
| | ) | |
| GENCO I, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON DEFENDANT'S MOTION TO DISMISS**

Plaintiff, Brenda Schroers, brings a two-count Complaint action against her former employer, Genco I, Inc. In Count I, she alleges Genco retaliated against her for taking leave under the Family Medical Leave Act ("FMLA"), and in Count II, she alleges she was retaliated against for filing a workers' compensation claim. Defendant moves to dismiss Count I for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), and moves to dismiss Count II for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). For the reasons set forth below, Defendant's motion is **DENIED**.

**I.   Dismissal Standard**

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of claims for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss is to test the legal sufficiency of the complaint, not the merits of the lawsuit. *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 675 (7th Cir.

2001). A court may grant a Rule 12(b)(6) motion to dismiss only if a complaint lacks "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint sufficient on its face need not give "detailed factual allegations," but it must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555. The court accepts all well-pleaded factual allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *See Yeksigian v. Nappi*, 900 F.2d 101, 102 (7th Cir. 1990).

## II. Discussion

To assert an FMLA retaliation claim, a plaintiff must show that: (1) she is protected under the FMLA; (2) she suffered an adverse employment action; and (3) the adverse employment action was causally related to the plaintiff's exercise of her FMLA rights. *Erdman v. Nationwide Ins. Co.*, 582 F.3d 500, 508 (3d Cir. 2009).

Here, Plaintiff alleges she was granted FMLA leave following the death of her husband (on August 16, 2015) from August 17 to August 26, 2015. (Compl. ¶¶ 6-7). Nevertheless, Genco terminated her employment for failing to report to work on August 20, 21, and 24, 2015. (*Id.* ¶ 7). Plaintiff alleges she was treated less favorably than employees who had not requested FMLA leave and that, *inter alia*, she suffered an adverse employment action for taking FMLA leave. (*Id.* ¶ 12).

Defendant argues that Plaintiff was not protected under the FMLA leave following her husband's death. Defendant relies on a case from the Southern District of Florida which held that an employee's entitlement to leave under the FMLA to care for a family

2

member with a serious health condition ended with his father's death. *Brown v. J.C. Penney Corp.*, 924 F. Supp. 1158, 1162 (S.D. Fl. 1996). Plaintiff alleges, however, that Genco approved her leave through August 26, 2015. Plaintiff's allegations thus raise an issue of fact on whether she was entitled to leave following her husband's death. Accordingly, the court finds Plaintiff states a plausible claim for relief under the FMLA.

Defendant next argues that since Plaintiff's FMLA claim must be dismissed, the court should decline to exercise supplemental jurisdiction over her state law retaliation claim asserted in Count II. Since Plaintiff's federal FMLA claim asserted in Count I survives, the court will retain supplemental jurisdiction over Plaintiff's Count II.

### III.  Conclusion

The court finds, at this stage of the proceedings, that Plaintiff states a plausible claim for relief in Count I for FMLA retaliation and that the court has supplemental jurisdiction over Count II for retaliation under state law. Defendant's Motion to Dismiss (Filing No. 13) is therefore **DENIED**.

**SO ORDERED** this 26th day of April 2016.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.